UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MICHAEL KAZMIERSKI,

    Plaintiff,

v.                                        Case No.: 15-CV-00059

BONAFIDE SAFE & LOCK, INC.,

    Defendant.

## DEFENDANT'S MOTION TO COMPEL OR BAR PLAINTIFF'S EXPERTS

Defendant respectfully moves the Court for an order compelling Plaintiff to comply with Fed. R. Civ. P. 26(a)(2)(C), or to preclude Plaintiff's experts from testifying in this matter.

### BACKGROUND

Plaintiff's Expert Disclosures were due on or before July 17, 2015, (Dkt. #13), but Plaintiff did not serve the *Expert Disclosures* until July 29, 2015. On September 3, 2015, Defendant notified Plaintiff of deficiencies in connection with the *Expert Disclosures*. Plaintiff responded in writing on September 15, 2015, and after further communications between counsel, Plaintiff served his *Supplemental Expert Disclosures* on October 15, 2015. The supplemental disclosures still fail to satisfy the requirements of Rule 26(a)(2)(C).

### ARGUMENT

Rule 26 was amended in 2010 to account for treating physicians who testify in connection with the scope of their treatment. Under Rule 26(a)(2)(C), the party who intends to use an expert who is also a treating physician, the party's expert disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under [FRE] 702, 703 or 705; *and* (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The requirements of this rule "are mandatory." *Carlson v. Tactical Energetic Entry Systems, LLC*, 2014 WL 6066039, *2 (W. D. Wis. Nov. 13, 2014). Plaintiff has not identified any "facts" or "opinions" that his medical experts are expected to provide, and for this reason, and the additional reasons outlined below and in the accompanying affidavit,

Plaintiff should be compelled to fully comply with Rule 26(a)(2)(C), or the experts should be barred from providing evidence or testimony in this case.

Plaintiff has identified five separate treatment providers as experts. For the most part, each of these individuals is expected to give testimony on the following subjects:

1. Personal observations, tests, assessments & treatment of Plaintiff (all medical experts);
2. Contents of medical records relating to Plaintiff (all medical experts);
3. Communications & appointments with Plaintiff (Running, Muqeet, Gissibl & Halpin);
4. Medications (and side effects) prescribed to Plaintiff for physical & mental health conditions, if any (Running, Muqeet & Klezcka);
5. Medical documentation provided to Plaintiff (Running);
6. Medical opinion as to physical & emotional effects of Plaintiff's health conditions as observed by him or reported to the expert by Plaintiff and the physical and mental health conditions created and imposed on Plaintiff as observed by the expert and/or as reported to the expert by Plaintiff[1] (Running, Muqeet, Gissibl & Halpin);
7. Factual allegations in the Complaint of which the expert has personal knowledge (all medical experts).

Plaintiff's Expert Disclosures do not state any "facts" or "opinions" – both of which are required by Rule 26(a)(2)(C). If Rule 26(a)(2)(C) is to have any meaning, even the summary disclosures must contain more than mere passing reference to the care a treating physician provided or very broad subjects that the expert is expected to testify about. *Hayes v. Am. Credit Acceptance, LLC*, 2014 WL 3927277, *3 (D. Kan. Aug. 12, 2014):

> It is not enough to state that the witness will testify consistent with information contained [in] the medical records or consistent with the testimony given during his or her deposition. Instead, Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided. ***They must summarize actual and specific opinions. The disclosing party should provide "a brief account that states the main points" of the entirety of the anticipated testimony.***

*Id.* (citing *A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter–Day Saints*, 2013 WL 5462277, *3 (D. Colo. Sept. 30, 2013) (quoting *Nicastle v. Adams Cnty. Sheriff's Office*, 2011 WL 1674954, *1 (D. Colo. May 3, 2011)) (emphasis supplied).

Plaintiff's medical records amass nearly 1,000 pages of documents. As drafted, Plaintiff's Expert Disclosures do nothing but force Bonafide to guess as to what <u>facts</u> and <u>opinions</u> Plaintiff's experts will

---

[1] Plaintiff's primary health care provider, Dr. Running, is also expected to provide testimony about the probable frequency & duration of any episodes or flare-ups associated with Plaintiff's physical and mental health conditions, the amount of leave from work needed to seek treatment for and/or recover from any episodes or flare-ups associated with Plaintiff's physical and mental health conditions.

Plaintiff's therapist, Sheila Gissibl, is also expected to testify about the physical and emotional effects of Plaintiff's mental health conditions prior to and following Plaintiff's termination.

testify to at trial. Even a thorough review of Plaintiff's voluminous medical records fail to answer the following questions:

1. What personal observations did these experts make while providing care to Plaintiff?
2. What opinions do these experts have as to the physical and emotional effects of Plaintiff's health conditions?
3. What opinions do these experts have on the frequency and duration of any episodes or flare-ups associated with Plaintiff's physical and mental health conditions?
4. How much leave from work is needed to seek treatment and/or to recover from episodes or flare-ups associated with Plaintiff's physical and mental health conditions?
5. What information, beyond that found in the medical records, did Plaintiff share with these experts?
6. What opinions have been generated regarding the effects of Plaintiff's mental health conditions prior to and following termination from Bonafide?
7. What factual allegations from the Complaint do these experts have knowledge of?

Truly the only way for Defendant to know what facts and opinions Plaintiff's experts will testify to is to depose each and every one of them. Based on the information provided by the experts or Plaintiff to date, the expense alone associated with deposing all of these experts will be a minimum of $5,500.00 – without the cost of transcripts or the legal time to prepare for and actually take the depositions. Conservatively, Plaintiff's position is that Bonafide should invest $10,000.00 in legal expense to find out exactly what these experts will say. Allowing Plaintiff to use this "hide the ball" tactic frustrates the purpose of Rule 26 and prejudices Bonafide by preventing it from preparing its case adequately and efficiently. For these reasons, Plaintiff should be ordered to comply fully with Rule 26(a)(2)(C), or these experts should be barred from providing any testimony in this case.

Dated: November 11, 2015

**BONAFIDE SAFE & LOCK, INC., DEFENDANT**
By its attorneys,

/s/ Sally A. Piefer

Sally A. Piefer
Wisconsin Bar No. 1023257

**THE SCHROEDER GROUP, S.C.**
**Attorneys at Law**
Crossroads Corporate Center
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 798-8232 (*facsimile*)
(262) 754-1325 (*direct dial*)
E-mail: sap@tsglaw.com