# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

MICHAEL KAZMIERSKI,
      Plaintiff,

    v.                                        Case No. 15-C-0059

BONAFIDE SAFE & LOCK, INC.,
      Defendant.

---

## DECISION AND ORDER

In the present case, plaintiff Michael Kazmierski alleges that his former employer, Bonafide Safe & Lock, Inc., terminated him in violation of the Americans with Disabilities Act. He alleges that he suffers from depression, anxiety, a back condition, and sinusitis, and that Bonafide failed to reasonably accommodate these conditions, which he contends were disabilities within the meaning of the Act. Before me now is Bonafide's motion to compel the plaintiff to provide more information about the treating medical providers he intends to call as witnesses. See Fed. R. Civ. P. 26(a)(2)(C).

Under the 2010 amendments to Federal Rule of Civil Procedure 26, certain expert witnesses, including those who are not retained or specifically employed to provide expert testimony in the case, do not have to provide a written report that contains the level of detail required by Federal Rule of Civil Procedure 26(a)(2)(B). Instead, those witnesses must provide a written disclosure that (1) identifies "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705"; and (2) provides "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

In the present case, the plaintiff disclosed four treating providers under Rule 26(a)(2)(C): his primary-care physician, his psychiatrist, his mental-health therapist, and his chiropractor. The content of the written disclosure for each witness is substantially the same. The following disclosure for Dr. Charles Running, the plaintiff's primary-care physician, is representative:

> [A]ll testimony and medical opinions Dr. Running will provide are based on his personal observations, tests, assessments, and treatment of Plaintiff and Plaintiff's relevant physical (back and sinusitis) and mental health (anxiety and depression) conditions. Dr. Running will testify as to: (1) his personal observations, tests, assessments, and treatments of Plaintiff; (2) the contents of his medical records relating to Plaintiff; (3) his communications and appointments with Plaintiff; (4) the medication(s) (including side effects) he prescribed to Plaintiff for his physical and mental health conditions, if any; (5) the medial documentation he/his office provided to Plaintiff; (6) his medical opinion as to the physical and emotional effects of Plaintiff's health conditions as observed by him and/or as reported to him by Plaintiff and/or the limitations Plaintiff's physical and mental health conditions created and imposed on Plaintiff as observed by him and/or as reported to him by Plaintiff, including the probable frequency and duration of any episodes or flare-ups associated with Plaintiff's physical and mental health conditions, the amount of leave from work needed to seek treatment for and/or recover from any episodes or flare-ups associated with Plaintiff's physical and mental health conditions; and (7) to the factual allegations contained in the Complaint of which he has personal knowledge.

ECF No. 20-1 at 1.

The defendant argues that the above disclosure does not contain a "summary of the facts and opinions to which the witness is expected to testify" and that therefore the disclosure does not comply with Rule 26(a)(2)(C). I agree. What the plaintiff has disclosed is "the subject matter[s] on which the witness is expected to present evidence," which is only part of what Rule 26(a)(2)(C) requires. He has not identified any of the facts and opinions to which the witness is expected to testify. For example, although the plaintiff states that Dr. Running has opinions about "the physical and emotional effects of the

2

Plaintiff's health conditions"—i.e., states the general subject matter of his opinions—he does not state what those opinions are. To constitute a "summary" of "facts and opinions," a disclosure must at least identify the opinions and some facts that relate to them, so that the defendant can decide whether to take the physician's deposition or to retain an expert to rebut his opinions. See Hayes v. American Credit Acceptance, LLC, No. 13–2413–RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014) ("At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert."); Pineda v. City and County of San Francisco, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (written disclosure for nonretained expert must state the opinions to which the expert is expected to testify).

A true summary of a treating physician's expected testimony would look something like this: "The witness is expected to opine that the plaintiff is unable to lift more than 50 pounds and will remain unable to do so for the indefinite future. This opinion is based on the following facts: the witness diagnosed the plaintiff with three herniated discs in his back, he observed during office visits that the plaintiff is experiencing symptoms that prevent him from lifting more than 50 pounds, and he observed during office visits that the plaintiff's condition is not improving." Contrary to the plaintiff's argument, requiring such a summary does not require a nonretained expert to provide the level of detail required for retained expert reports under Rule 26(a)(2)(B). The summary does not, for example, describe each of the plaintiff's office visits and identify all of the observations and tests that the physician performed before he diagnosed the plaintiff with his back condition, as would be required for a report of a retained expert. See Fed . R. Civ. P. 26(a)(1)(B)(i)–(ii) (report of retained expert must contain "a complete statement of all opinions the witness will

3

express and the basis and reasons for them" and "the facts or data considered by the witness in forming them").

The plaintiff's disclosure of his treating providers is deficient for additional reasons. First, the plaintiff states that his physician (as well as other providers) will testify as to "the medication(s) (including side effects) he prescribed to Plaintiff for his physical and mental health conditions, if any." This does not provide the defendant with any information about what the expected testimony will be. The disclosure basically tells the defendant: "If this physician prescribed the plaintiff any medications (and we're not saying that he did) then his testimony will be about those medications and their side effects." Assuming that the plaintiff intends to elicit testimony about medications and their side effects from a witness, then a proper summary would identify the medications (or at least the type of medications, such as "pain medication" or "anti-anxiety medication") and the side effects about which the witness will testify. If the witness did not prescribe any medications, then the disclosure should not identify "medications, if any" as one of the subject matters of the witness's testimony.

Second, the disclosures are deficient to the extent that they state that each witness will testify "to the factual allegations contained in the Complaint of which [he or she] has personal knowledge." Again, this does not tell the defendant anything useful. It is like saying, "this witness will testify about the things he knows that are relevant to this case." To comply with Rule 26(a)(2)(C), the disclosure must identify the actual subject matter of the testimony and then identify in summary fashion what the witness is expected to say about that subject matter.

4

For these reasons, I conclude that the plaintiff has not complied with Rule 26(a)(2)(C). The plaintiff will be compelled to provide the defendant with a supplemental disclosure that not only accurately identifies the subject matters on which each witness is expected to testify, but also summarizes the facts and opinions to which the witnesses are expected to testify. See Fed. R. Civ. P. 37(a)(3)(A), (a)(4). The defendant also requests that the current deadlines for disclosing expert witnesses, completing discovery, and filing dispositive motions be extended so that it has time to review the plaintiff's supplemental disclosures and decide whether to depose the witnesses. I will grant that request. The parties should confer with each other and attempt to agree on new deadlines.

Accordingly, **IT IS ORDERED** that the defendant's motion to compel or bar plaintiff's experts is **GRANTED IN PART**. The motion is granted to the extent that the plaintiff must supplement his Rule 26(a)(2)(C) disclosures within ten days of the date of this order.

**IT IS FURTHER ORDERED** that the parties shall confer regarding extension of the current deadlines for disclosing expert witnesses, completing discovery, and filing dispositive motions. Within fifteen days of the date of this order, the parties shall submit to the court a stipulation and proposed order reflecting their agreement on a revised schedule. If the parties cannot agree on a revised schedule, the defendant may file a motion to modify the schedule.

Dated at Milwaukee, Wisconsin this 11th day of December, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

5